UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL D. JORDAN #376733,

        Plaintiff,                       Case No. 2:10-cv-12

v.                                          Honorable R. Allan Edgar

GARY CAPELLO, et al.,

        Defendants.
_____/

**OPINION**

        Plaintiff Michael D. Jordan #376733, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names Defendants Warden Gary Capello, Deputy Warden Linda Tribley, Resident Unit Officer Christopher Charles, Assistant Resident Unit Supervisor Scott E. Dewar, and Resident Unit Officer D. Gill. In his complaint, Plaintiff asserts that he was assaulted by Defendants Charles and Gill in violation of his Eighth Amendment rights and that, when he notified Defendants Capello, Tribley and Dewar, they failed to take corrective action.

        Specifically, Plaintiff alleges that on October 26, 2009, he was escorted from the showers to his cell by Defendants Charles and Gill. Plaintiff states that when he was placed in his cell, Defendant Charles pulled Plaintiff's right arm hard against the cell door slot, cutting Plaintiff's right wrist. On November 13, 2009, Plaintiff was subdued and restrained by Defendant Gill and Resident Unit Officer Pelto. While Plaintiff was in restraints, Defendant Charles jumped on Plaintiff, pressing all his weight on the handcuffs in order to inflict injury on Plaintiff. Plaintiff claims that this

destroyed tendons and ligaments and has caused permanent damage to Plaintiff's left hand. Plaintiff asserts that the amount of force used by Defendant Charles was excessive, as Plaintiff was already subdued. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

On December 13, 2010, the court dismissed Plaintiff's claims against Defendants Capello, Tribley and Dewar and ordered service on Defendants Charles and Gill (docket #5 and #6). Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence

2

to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

As noted above, Plaintiff is claiming that Defendants Charles and Gill violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Initially, Defendants assert that Plaintiff has not alleged facts sufficient to impose liability on Defendant Gill. Defendants are correct that Plaintiff has not alleged that Defendant Gill

3

used excessive force on him. However, Plaintiff does allege that Defendant Gill was present while Defendant Charles assaulted Plaintiff, and that he did nothing to prevent this assault. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Therefore, Defendant Gill is not entitled to summary judgment on this basis.

Defendants also contend that the force complained of by Plaintiff was applied in a good faith effort to maintain discipline and was warranted by the situation. Defendants attest that on October 26, 2009, they were escorting Plaintiff back from the shower. Once Plaintiff was inside his cell, Defendant Charles attempted to remove Plaintiff's restraints while Defendant Gill held onto the lead strap. As Defendant Charles was trying to remove the restraints, Plaintiff was attempting to grab Defendant Charles by the arms through the cell door slot, which required Defendant Gill to hold onto the strap until Defendant Charles could clear his arms from the slot. Once Defendant Charles arms were clear, Defendant Gill let go of the strap. (Defendants' Exhibit A, ¶¶ 5-6; Defendants' Exhibit B, ¶¶ 5-6.)

In support of this assertion, Defendants offer copies of major misconduct tickets and hearing reports for misconducts received on October 26, 2009, and November 13, 2009. (Defendants' Exhibits C-F.) On October 26, 2009, Plaintiff received three separate misconduct tickets. The first was for the destruction and / or misuse of property and asserted that Plaintiff refused to return a pair of arm restraints, and that when the restraints were returned, Plaintiff had broken the strap and bent the restraints. Plaintiff was found guilty of this misconduct following a hearing. (Defendants' Exhibit C.)

4

The second misconduct ticket was issued for disobeying a direct order and assault and battery on staff.  Plaintiff was found guilty and in the reasons for finding, the hearing officer stated:

> Prisoner says the Misconduct Report is a lie, but the reporter details convincingly that he told prisoner to place his right arm out of the slot and allow the reporter to remove the restraints.  Prisoner heard and understood the reporter as evidenced by his reply, "I'm not giving them back." Prisoner voluntarily failed to comply with the order of the reporter by not allowing the reporter to remove the restraints.  The staff witness statement is consistent with the Misconduct Report.
>
> Prisoner says that staff members were assaulting him, but even a prisoner witness says that the reporter kept pulling on the slots to make it look like something was going on.  It is likely that something was going on, as both the reporter and staff describe that prisoner grabbed the reporter's left hand and attempted to pull the reporter's arm into the slot.  The reporter and staff witness were closer to prisoner and better able to observe prisoner than prisoner witnesses.  Prisoner's action was an intentional, non-consensual touching of another person done either in anger or with the purpose of abusing or injuring another.

(Defendants' Exhibit D.)

Finally, Plaintiff received a disobeying a direct order misconduct for his refusal to go to the back of his cell and place his hands on the wall.  During the hearing, Plaintiff asserted that MDOC policy did not require him to go to the back of his cell.  However, the Hearing Officer found that the order was reasonable, that Plaintiff could have complied with the order, and that he refused to do so.  Plaintiff was found guilty.  (Defendants' Exhibit E.)

With regard to the November 13, 2009, incident, Defendants attest that they, along with Resident Unit Officer Pelto, were taking Plaintiff to be placed in a different housing unit cell. Defendants Charles and Gill placed Plaintiff's property in his cell while Pelto held onto the strap attached to the restraints.  Once the property had been placed in the cell, Plaintiff pulled away from Resident Unit Officer Pelto and attempted to kick Defendant Charles in the midsection.  Plaintiff continued to resist staff until they were able to gain control over him by placing him on the floor.

5

Additional staff were required to secure Plaintiff's cell. (Defendants' Exhibit A, ¶ 8; Defendants' Exhibit B, ¶ 7.)

Plaintiff received a misconduct ticket for assaulting Defendant Charles and was found guilty following a hearing. The ticket stated that Plaintiff kicked Defendant Charles in his right hand, and that staff then took Plaintiff to the ground and applied leg irons. Plaintiff was subsequently taken back to his cell. The Hearing Officer noted that Plaintiff did not deny that he kicked Defendant Charles in the hand, and stated that Plaintiff had acted intentionally with the purpose of hurting Defendant Charles. (Defendants' Exhibit F.)

In response to Defendants' motion, Plaintiff asserts that hearing officers "focus on a 90% guilty finding of their defendants" and are not impartial. Plaintiff further states that, if allowed discovery, he can support his claims of excessive force. The court notes that discovery was stayed on March 10, 2011 (docket #18). "If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* (citing *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir.1994)); *see also CenTra, Inc. v. Estrin,* 538 F.3d 402, 420 (6th Cir.2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be *167 an abuse of discretion."). This rule transcends the five-factor approach typically applied in determining whether a district court abused its discretion by allowing insufficient discovery. *Alspaugh v. McConnell*, 643 F.3d 162, 166-167 (6th Cir. 2011).

The court notes that the finding that Plaintiff violated prison rules does not necessarily invalidate his excessive force claims. Therefore, despite the fact that Plaintiff's request for discovery is vague and conclusory, the court is persuaded that granting Defendants' motion for summary

6

judgment without allowing some discovery would be premature. Therefore, the court will deny Defendants' Motion for Summary Judgment (docket #20).

An Order consistent with this Opinion will be entered.


Dated: 2/28/2012  /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge