UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL D. JORDAN,

    Plaintiff,

v.                                               Case No. 2:10-cv-12
                                                 HON. R. ALLAN EDGAR

GARY CAPELLO, et al.,

    Defendants.

_____/

**MEMORANDUM AND ORDER**

Plaintiff Michael D. Jordan, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this federal civil rights action under 42 U.S.C. § 1983 seeking to recover damages and injunctive relief. He is imprisoned at the Marquette Branch Prison.

The plaintiff's complaint names the following defendants: Warden Gary Capello, Deputy Warden Linda Tribley, Resident Unit Officer Christopher Charles, Assistant Resident Unit Supervisor Scott E. Dewar, and Resident Unit Officer Douglas Gill. The complaint alleges that plaintiff Jordan was physically assaulted by defendants Charles and Gill in violation of the Eighth Amendment to the United States Constitution which prohibits the infliction of cruel and unusual punishment. Plaintiff Jordan further alleges that when he notified defendants Capello, Tribley and Dewar about the assaults, they failed to take corrective action.

During initial screening the Court dismissed the plaintiff's claims against defendants Capello, Tribley and Dewar pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c). The Court ordered service of process of the complaint only on defendants Charles and Gill. [Court Doc.

Nos. 5, 6]. After taking discovery including the deposition of plaintiff Jordan, defendants Charles and Gill have made a second motion for summary judgment under Fed. R. Civ. P. 56 and qualified immunity. [Court Doc. No. 55].

On September 12, 2012, Magistrate Judge Timothy P. Greeley submitted his report and recommendation that the second motion for summary judgment and qualified immunity by defendants Charles and Gill be granted, and that plaintiff Jordan's entire complaint be dismissed with prejudice. [Court Doc. No. 76]. Plaintiff Jordan filed objections to the report and recommendation. [Court Doc. No. 80]. Plaintiff Jordan contends that there are issues of fact in dispute which preclude the Court from granting summary judgment in favor of defendants Charles and Gill under Fed. R. Civ. P. 56. Plaintiff Jordan argues that his remaining Eighth Amendment claims against defendants Charles and Gill should survive the summary judgment motion and proceed to trial.

After reviewing the entire record *de novo*, the Court concludes that the objections raised by plaintiff Jordan are without merit. The objections of plaintiff Jordan [Court Doc. No. 80] are DENIED. Based on the facts and admissible evidence in the record, the Court finds that there are no genuine issues of material fact in dispute, and defendants Charles and Gill are entitled to have summary judgment granted in their favor under Fed. R. Civ. P. 56. An objectively reasonable jury could not find in plaintiff Jordan's favor at a trial on his Eighth Amendment cruel and unusual punishment claims against defendants Charles and Gill.

The Court ACCEPTS and ADOPTS the report and recommendation [Court Doc. No. 76] pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). The second motion for summary judgment and qualified immunity by defendants Charles and Gill [Court

Doc. No. 55] is GRANTED.  The complaint of plaintiff Jordan shall be dismissed with prejudice in its entirety.  All claims brought by plaintiff Jordan against all of the defendants shall be dismissed with prejudice.

For the reasons expressed in the report and recommendation, the Court finds that any appeal by plaintiff Jordan from the decision and judgment in this case would not be taken in good faith. *McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(4)(B), this Court certifies that any appeal by plaintiff from the judgment would not be taken in good faith.

In the event that plaintiff Jordan takes an appeal to the Sixth Circuit Court of Appeals, this Court shall assess and require him to pay the $455.00 appellate filing fee pursuant to § 1915(b)(1), *McGore*, 114 F.3d at 610-11, unless he is barred from proceeding *in forma pauperis* by the "three strikes" rule in 28 U.S.C. 1915(g).  If plaintiff Jordan is barred by the "three strikes" rule in 28 U.S.C. 1915(g), then he shall be required to pay the $455.00 appellate filing fee in one lump sum.

A separate judgment will be entered.

SO ORDERED

Dated:  October 10, 2012.


                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                     UNITED STATES DISTRICT JUDGE